

# Notice of Service of Process

**null / LABOR**
Transmittal Number: 17757389
Date Processed: 02/12/2018

| | |
|---|---|
| Primary Contact: | Shelly Crowley<br>Nokia USA Inc .<br>601 Data Drive<br>Plano, TX 75075-7839 |
| Electronic copy provided to: | Karen Pierce |
| Entity: | Alcatel-Lucent USA Inc.<br>Entity ID Number  0666713 |
| Entity Served: | Alcatel-LucentUSA, Inc. |
| Title of Action: | Judy Lehmann, Executrix of the Estate of Janet R. Hogan a/k/a Janet R. Haggard vs. Alcatel-Lucent USA, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Haywood County Superior Court, North Carolina |
| Case/Reference No: | 18 CVS 129 |
| Jurisdiction Served: | North Carolina |
| Date Served on CSC: | 02/12/2018 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Patrick U. Smathers<br>828-648-8240 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

| STATE OF NORTH CAROLINA FILED | File No. 18 CVS 129 |
|---|---|
| HAYWOOD County 2018 FEB -8 AM 9:28 | In The General Court Of Justice ☐ District ☒ Superior Court Division |

| Name Of Plaintiff JUDY LEHMANN, Executrix of the Estate of JANET R. HOGAN a/k/a JANET R. HAGGARD HAYWOOD COUNTY, C.S.C. | |
|---|---|
| Address | **CIVIL SUMMONS** |
| City, State, Zip | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) ALCATEL-LUCENT USA, INC. | Date Original Summons Issued |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 ALCATEL-LUCENT USA, INC. c/o Process Agent Corporation Service Company 2626 Glenwood Ave., Ste. 550 Raleigh, NC 27608 | Name And Address Of Defendant 2 |
|---|---|

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) Patrick U. Smathers Smathers & Smathers 118 Main Street, Suite B Canton, NC 28716 | Date Issued 2-8-18 | Time 9:28 ☒ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

Case 1:18-cv-00067-MR   Document 1-1   Filed 03/14/18   Page 2 of 8

| | **RETURN OF SERVICE** | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF HAYWOOD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 18 CvS 129

FILED
2018 FEB -8 AM 9:28
HAYWOOD COUNTY C.S.C.

JUDY LEHMANN, Executrix of the Estate )
of JANET R. HOGAN a/k/a JANET R. )
HAGGARD, )
                                                         )
                   Plaintiff, )
                                                         )          COMPLAINT
vs. )
                                                           )
ALCATEL-LUCENT USA, INC., )
                                                           )
                   Defendant. )
_____)

       **NOW COMES** Plaintiff, complaining of the Defendant, alleges and says:

### PARTIES AND JURISDICTION

       1. That Plaintiff is a citizen and resident of the County of Haywood, State of North Carolina, and is bringing this action in her official capacity as Executrix of the Estate of Janet R. Hogan a/k/a Janet R. Haggard, late of Haywood County.

       2. That Janet R. Hogan a/k/a Janet R. Haggard, deceased on the 25th day of October, 2015.

       3. That on September 1, 2016 the Last Will and Testament of Janet R. Haggard was admitted to probate, and Judy Lehmann was issued Letters of Testamentary on September 1, 2016, and has been acting as Executrix of the Estate of Janet R. Hogan a/k/a Janet R. Haggard. Said estate being of record in the Clerk of Superior Court of Haywood County, State of North Carolina.

       4. That Defendant is a foreign corporation, organized and existing pursuant to the laws of the State of Delaware, with its principal place of business being located in the City of Murray Hill, State of New Jersey.

       5. That Defendant Alcatel-Lucent USA, Inc. is the successor in interest to Lucent Technologies and as the successor in interest, controls, owns, manages, or otherwise is the responsible party for Lucent Technologies Pension. That upon information and belief, the Defendant maintains, controls and supervises Lucent Technologies Pension, which maintains a mailing address of Post Office Box 1495, Lincolnshire, IL 60069-1495

## STATEMENT OF FACTS

6. Janet R. Hogan a/k/a Janet R. Haggard, for many years prior to her death, was an employee of Defendant, or one of its subsidiaries or legal entities for which Defendant is now successor in interest. Upon information and belief, said entity was Lucent Technologies, and as part of her employment and employment contract with Lucent Technologies, Plaintiff Janet R. Hogan a/k/a Janet R. Haggard participated in Lucent Technologies Pension.

7. That prior to the death of Janet R. Hogan a/k/a Janet R. Haggard, she requested a lump sum balance of her interest in Lucent Technologies Pension, with the intent to have the funds deposited with State Farm Mutual Funds.

8. That pursuant to decedent's request, a check in the amount of $166,163.83 was issued to State Farm, FBO Janet R. Hogan, on November 2, 2015, a copy of said check is attached hereto as Exhibit "A", and incorporated herein for all purposes. Said check being issued after decedent's death on October 25, 2015.

9. That State Farm VP Management Corp. as payee of said check, would not deposit or negotiate said check due to the death of Janet R. Hogan.

10. That said check has never been cashed or negotiated by any party on behalf of Janet R. Hogan a/k/a Janet R. Haggard, or her estate, and the funds of the Plaintiff in the amount of $166,163.83 are currently being held and controlled by Defendant.

11. That Plaintiff, on behalf of the Estate of Janet R. Hogan a/k/a Janet R. Haggard, has demanded Defendant to reissue a replacement check to Plaintiff in her official capacity as Executrix of the Estate of Janet R. Hogan a/k/a Janet R. Haggard, but Defendant has failed and refused to reissue said check and pay the funds due Plaintiff.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

12. Plaintiff realleges her allegations as contained in Paragraphs 1 through 11, and the same are incorporated herein by reference.

13. That at all times pertinent hereto, there was a contract between Plaintiff and Defendant, whereby the Defendant held monies for decedent Janet R. Hogan a/k/a Janet R. Haggard pursuant to Lucent Technologies Pension. That said contract was a part of decedent's employment with Lucent Technologies and/or as a third party beneficiary of a contract between Defendant and Lucent Technologies Pension.

14. That Defendant continues to hold monies owed to Janet R. Hogan a/k/a Janet R. Haggard pursuant to the terms of Lucent Technologies Pension's contract with the decedent and/or Lucent Technologies and Defendant.

15. That the Defendant had a duty to Plaintiff to pay all funds owned by the late Janet R. Hogan a/k/a Janet R. Haggard pursuant to the terms of said contract; said duty remaining in full force and effect as of the date of filing of this Complaint.

16. That Defendant has breached said contract between the Parties by failing to reissue a replacement check in the amount of $166,163.83, plus any accrued benefit and interest to which the Plaintiff is entitled pursuant to the decedent's interest in said Lucent Technologies Pension.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

17. Plaintiff realleges her allegations as contained in Paragraphs 1 through 16, and the same are incorporated herein by reference.

18. That Defendant, by refusing to pay the funds to Plaintiff, has been and is being unjustly enriched at the expense of Plaintiff.

## THIRD CAUSE OF ACTION
## SPECIFIC PERFORMANCE

19. Plaintiff realleges her allegations as contained in Paragraphs 1 through 18, and the same are incorporated herein by reference.

20. That pursuant to the terms of said pension, Plaintiff is entitled to all proceeds of which Janet R. Hogan a/k/a Janet R. Haggard was entitled as of date of her request to pay said proceeds, and Plaintiff is entitled to specific performance by having the Defendant pay the Plaintiff the sum of $166,163.83, plus any accrued benefits or interest to which the Plaintiff is entitled.

## FOURTH CAUSE OF ACTION
## ESTATE ASSETS

21. Plaintiff realleges her allegations as contained in Paragraphs 1 through 20, and the same are incorporated herein by reference.

22. That pursuant to N.C.G.S. Chapter 28A, Plaintiff, as Executrix of the Estate of Janet R. Hogan a/k/a Janet R. Haggard, is entitled to collect and distribute all assets of the late Janet R. Hogan a/k/a Janet R. Haggard as of the date of her death; said $166,163.83, and all accrued benefits and interest being assets of said Estate.

23. That Defendant has failed and refused to account and pay to the said Estate said $166,163.83, and all accrued benefits and interest to which said Estate is entitled.

## DAMAGES

24. Plaintiff realleges her allegations as contained in Paragraphs 1 through 22 and the same are incorporated herein.

25. That Plaintiff has been damaged in an amount in excess of $166,163.83 plus all accrued benefits and interest, and such other interest as the Plaintiff may be entitled pursuant to decedent's interest in Lucent Technologies Pension.

26. That Plaintiff is entitled to reasonable attorney's fees.

**WHEREFORE,** Plaintiff prays the Court:

1. That the Plaintiff have and recover the Defendant the sum of $166,163.83, plus all accrued benefits and interest, pursuant the terms of Lucent Technologies Pension.

2. That the costs and expenses incurred in this action, including reasonable attorney's fees, be taxed against the Defendant.

3. For such other and further relief as to the Court deems just and proper.

This the ___7___ day of February, 2018.


SMATHERS & SMATHERS
Attorney at Law

_____
Patrick U. Smathers
Attorney for Plaintiff
State Bar No. 8983
118 Main Street, Suite B
Canton, North Carolina 28716
T: 828/648-8240
F: 828/648-3869

LAW OFFICES OF
SMATHERS & SMATHERS
118 Main Street, Suite B
Canton, NC 28716

**CERTIFIED MAIL**

7011 1570 0002 6889 739?



U.S. POSTAGE
PAID
CLYDE, NC
28721
FEB 08, 18
AMOUNT
$6.91
R2305M144944-07

Alcatel-Lucent USA, Inc.
c/o Process Agent Corporation Service Company
2626 Glenwood Avenue, Ste. 550
Raleigh, NC 27608

27608-137025